J-S61003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTE MOSLEY, | |
| Appellant | No. 3830 EDA 2017 |

Appeal from the Judgment of Sentence Entered September 20, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007437-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 08, 2018**

Appellant, Donte Mosley, appeals from the judgment of sentence of 33 to 66 months' incarceration, followed by 5 years' probation, imposed after a jury convicted him of several counts of possession of a controlled substance, and one count of possession with intent to deliver (PWID).  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence. Additionally, Appellant's counsel, J. Anthony Foltz, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Briefly, Appellant was arrested in August of 2012 and charged with the above-stated offenses.  After a two-day jury trial in September of 2013,

Appellant was convicted of possession of a controlled substance (oxycodone),

possession of a controlled substance (heroin), possession of a controlled

substance (cocaine), and PWID (cocaine).  On December 12, 2013, Appellant

was sentenced on the PWID charge to 66-132 months' incarceration, followed

by 5 years' probation.

On March 17, 2014, Appellant filed a notice of appeal with the Pennsylvania Superior Court.  On March 19, 2014, th[e trial c]ourt directed Appellant to file a [Pa.R.A.P.] 1925(b) statement of [errors] complained of on appeal, which Appellant timely filed on April 15, 2014.  In a published Opinion dated April 20, 2015, the Pennsylvania Superior Court affirmed Appellant's convictions but vacated his judgment of sentence and remanded for re-sentencing.  [**See Commonwealth v. Mosley**, 114 A.3d 1072 (Pa. Super. 2015).]  The Superior Court determined that use of a special verdict slip to determine, beyond a reasonable doubt[,] whether or not Appellant possessed cocaine which weighed greater than 10 grams was in [violation of] **Alleyne v. United States**, 133 S.Ct. 2151 (2013)[,] and **Commonwealth v. M[u]nday**, 78 A.3d 661 (Pa. Super. 2013).  Thus, the case was remanded for [the imposition of] a sentence that did not include the mandatory minimum set forth in 18 Pa.C.S. [§] 7508 (drug trafficking/sentencing penalties).

Pending the status of his appeal to the Pennsylvania Supreme Court, Appellant filed a motion for post appeal bail[,] which was granted.  After the conclusion of the Pennsylvania Supreme Court review, this [c]ourt scheduled a re-sentencing hearing.  Appellant failed to appear and a bench warrant was issued.  Appellant was eventually located and detained for his bench warrant as well as two other cases that Appellant stands charged of currently.

This [c]ourt held the re-sentencing [hearing] on September 20, 2017.  Appellant was sentenced on Count 4[, PWID, to] 33 to 66 months['] incarceration] … and 5 years of consecutive state probation. Appellant was given credit for time served.

On September 25, 2017, Appellant filed a motion for reconsideration of sentence[,] alleging that his sentence was

greater than his original sentence, which meant he was essentially being punished for "appealing and winning."[1]

…

Th[e trial c]ourt held a hearing on the motion on October 20, 2017 and took the motion under advisement. On October 23, 2017, this [c]ourt denied the motion via Order. In its Order the [c]ourt stated that it carefully considered all available information at its disposal including the Pre-Sentence Investigation Report dated November 19, 2013, which showed a prior conviction for [PWID] on May 27, 2010[,] as well as firearms not to be carried without a license. In addition, the sentencing guidelines set forth a standard range of 18-24 months, not 15-24 as Appellant suggests.

Counsel for Appellant filed a Notice of Appeal on behalf of his client…. This [c]ourt did not issue a 1925(b) [order] as the sole issue for appeal is the sentence imposed at the re-sentencing. As the sentence was legal, the sole issue is whether or not Appellant can appeal the discretionary aspect of his sentence, *i.e.*, the claim that his sentence was too harsh.

_____

[1] Specifically, Appellant argued that:

3. The original sentence was 6 months over the … [mandatory minimum] sentence [of 5 years' incarceration]. This increased the minimum sentence by 10%.

4. [Appellant] was re-sentenced under the sentencing guidelines. The standard range for the crime committed was 15-24 months with an aggravated range of up to an additional 9 months.

5. Given the above, [Appellant] was [re-]sentenced by a factor of approximately 40% over the standard range.

6. [Appellant] was given a heavier sentence than [he was] given upon his initial sentence. Essentially[, Appellant] was punished for appealing (and winning) his initial sentence.

7. If the [c]ourt wanted to sentence in the aggravated range it should have increased his sentence by 2-3 months, not 9 months.

Post-Sentence Motion, 9/25/17, at 1 (unnumbered).

Trial Court Opinion (TCO), 1/9/18, at 2-4. The trial court filed an opinion on January 9, 2018, rejecting the sentencing claim that Appellant preserved in his post-sentence motion.

On August 3, 2018, Attorney Foltz filed with this Court a petition to withdraw as counsel. That same day, counsel also filed an **Anders** brief, discussing Appellant's sentencing issue and concluding that it is frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

>    ***Commonwealth v. Nischan****, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).*

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).  After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Foltz's ***Anders*** brief complies with the above-stated requirements.  Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous.  He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority.  Attorney Foltz also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief.  Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal.  We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

We begin by recognizing that,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

>> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

>> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

At the outset, we reject the Commonwealth's argument that Attorney Foltz waived Appellant's sentencing claim by not including a Rule 2119(f) statement in his ***Anders*** brief. "[W]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f)

statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa. Super. 2016) (quoting **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted)).

Nevertheless, after conducting that review, we agree with Attorney Foltz that Appellant's sentencing claim is frivolous. At the resentencing proceeding, the court acknowledged the guideline ranges, and it also recognized that the statutory maximum for Appellant's PWID conviction was 240 months' (or 20 years') incarceration. N.T. Resentencing Hearing, 9/20/17, at 4, 6. The court considered defense counsel's request for a standard range sentence, as well as the Commonwealth's argument for an aggravated range term of incarceration, given Appellant's absconding while on bail and acquiring new charges, and because the court had originally imposed a sentence that exceeded the mandatory-minimum term based on factors that had not changed since Appellant's original sentencing proceeding. *Id.* at 5, 7, 8.

Ultimately, the trial court agreed with the Commonwealth that an aggravated-range sentence was warranted, explaining as follows:

> [A]t the time [the court originally sentenced Appellant,] … he ha[d] two previous felony convictions. One for [PWID] and one [for] [p]ossession of a [f]irearm without a license. And this is back in, it was 2013 when we had rendered the sentence. And at that time, I considered the nature and the seriousness of the crime, the impact on society, the impact on local community, the rehabilitative needs of [Appellant], the sentencing guidelines and I also considered mandatory minimum back then which is no longer applicable. I considered the presentencing investigative

- 7 -

report, [Appellant's] sentencing memorandum, [the] Commonwealth's sentencing memorandum, as well as all the comments that were put in. I've review[ed] all of the entire file with regard to the sentencing[,] including the sentencing, presentence investigation report and the memos. [Appellant], everything that was said, what's occurred after this is not relevant to my purposes. So, … what is relevant is that this is your second or subsequent offense and I'm going to sentence you to the aggravated range of 33 to 66 months in the [state correctional institution,] effective December 12, 2013, because that's the date of the original sentence, followed by 5 years['] consecutive probation. That's on Count 4 the [PWID].

*Id.* at 8-9. Additionally, as the court points out in its Rule 1925(a) opinion, its

sentence was consistent with the specific provisions of the [S]entencing [C]ode[,] as the sentence took into account the nature of the crime, the impact on society, the rehabilitation of the defendant and the gravity of the offense. This [c]ourt also reviewed the sentencing guidelines and Appellant's prior record. Appellant also absconded at the first opportunity he could when on appeal bail. The aggravated sentence was not contrary to the fundamental norms on which the sentencing process is based.

TCO at 6-7.

In light of this record, we agree with Attorney Foltz that the trial court did not abuse its discretion in resentencing Appellant. Thus, the issue Appellant seeks to raise on appeal is frivolous. Additionally, our independent review of the record reveals no other, non-frivolous claims that Appellant could raise herein. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/18